UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Pedro Ventura and Cecilia Ventura a/k/a
Cecilia Arellano,

        Debtors.
------------------------------------------------------------X

Case No.: 10-79815-dte

Chapter 7

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Weinberg, Gross & Pergament
*Attorneys for the Trustee*
By: Marc A. Pergament, Esq.
400 Garden City Plaza
Suite 403
Garden City, NY 11530

Howard D. Weisinger, Esq. P.C.
*Attorney for the Debtors*
By: Howard D. Weisinger, Esq.
393 Old Country Road
Suite 300
Carle Place, NY 11514

The Honorable Dorothy Eisenberg, United States Bankruptcy Court

Before the Court is the Trustee's motion to reduce the Debtors' claimed joint automobile exemption with respect to a 2003 Honda Pilot (the "Vehicle") from $4,800.00 to $2,400.00. The Debtors opposed, and a hearing was held before this Court on February 17, 2011 (the "Hearing"). After the Hearing the Court took the motion under submission. This Court has jurisdiction of the subject matter of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND:

The Debtors filed their chapter 7 bankruptcy petition (the "Petition") on December 21, 2010. Schedule C of the Petition reveals that the Debtors utilized a joint motor vehicle exemption as to the Vehicle in the sum of $4,800.00, representing $2,400.00 each pursuant to the then-current New York Debtor and Creditor Law ("DCL") § 282(1).[1] The Debtors' Schedule B valued the Vehicle at $7,000.00. A review of Schedule B of the Petition shows that the Debtors only have one other car, a 1991 Toyota Camry, which is listed as joint property between the spouses and valued at $1,000.00. No other vehicles are listed on the Petition. On January 25, 2011 the Trustee filed the instant motion seeking to reduce the claimed $4,800.00 automobile exemption to $2,400.00.

The Trustee asserts, and the Debtors do not dispute, that on October 29, 2010, approximately two months prior to the Petition date, the Debtor-Husband, Pedro Ventura, added his wife, co-Debtor Cecilia Ventura, to the title of the Vehicle. This information was revealed to the Trustee at the 341 meeting, at which the Debtor-Husband disclosed the change in title and provided the Trustee with a copy of the amended title. In addition, the Trustee was informed that

---

[1] The DCL was amended on December 22, 2010, and the amendments went into effect thirty days later. One of the amendments increased the motor vehicle exemption from $2,400.00 to $4,000.00.

2

this was done pursuant to pre-bankruptcy exemption planning for the sole purpose of allowing the Debtors to take advantage of the ability to claim a joint exemption in the Vehicle.

The Trustee filed the instant motion objecting to the change in title, claiming that the Debtors committed fraud on their creditors and attempted to deprive the creditors of any proceeds realized from a potential sale of the Vehicle. The Trustee argues that there was no other business or personal reason given for changing the title, other than as part of bankruptcy planning. As such, the Trustee argues that this Court should reduce the claimed automobile exemption from $4,800 to $2,400, and award the Trustee fees and costs in the sum of $500.00. The Debtors opposed the motion and argued that their actions were not fraudulent and were appropriate as part of pre-petition bankruptcy planning. At the hearing the Trustee admitted that he was unable to find case law in support of his position. Furthermore, the Court noted that the Trustee had not provided the Court with any evidence that proved actual intent on the part of the Debtors to defraud their creditors.

### DISCUSSION:

The dispute between the parties focuses on whether or not the Debtors' pre-petition action in changing the title in the Vehicle to reflect both of the Debtors' names rises to the level of fraud. The Trustee's allegation that the Debtors have committed fraud with respect to their creditors is one that the Court takes seriously. However, it is well established that a debtor's chosen exemptions should be construed liberally in his or her favor. *See KLC, Inc. v. Trayner*, 426 F.3d 172, 176 (2d Cir. 2005); *In re Keil*, 88 F.2d 7, 8 (2d Cir. 1937) ("Exemption statutes are to be liberally construed …."); *Christo v. Yellin (In re Christo)*, 228 B.R. 48, 50 (B.A.P. 1st Cir. Mass. 1999); *Morgan v. Gordon*, 2011 U.S. Dist. LEXIS 37702 (W.D.N.Y. Apr. 6, 2011); *In re Pless*, 202 B.R. 664, 666 (Bankr. N.D.N.Y. 1996).

Furthermore, several courts have opined on the public policy in favor of permitting exemptions and allowing debtors to make a "fresh start". *See e.g., Rousey v. Jacoway*, 544 U.S. 320, 325 (U.S. 2005) ("To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values."); *In re Waller*, 424 B.R. 306, 310 (Bankr. S.D. Ohio 2010); *Walsh v. Reschick (In re Reschick)*, 343 B.R. 151, 156 (Bankr. W.D. Pa. 2006).

Federal Rule of Bankruptcy Procedure 4003(c) provides that the objecting party, here the Trustee, bears the burden of proof and must show by a preponderance of the evidence that a claimed exemption was improper. Specifically, Rule 4003(b)(2) provides that a case trustee may file such an objection "if the debtor fraudulently asserted the claim of exemption." *See In re Combes*, 382 B.R. 186, 190 (Bankr. E.D.N.Y. 2008); *see also In re Waller*, 424 B.R. 306, 311-12 (Bankr. S.D. Ohio 2010) (noting that the burden of proof rests on the party objecting to the exemption, and the objecting party must rebut the "prima facie presumption that the exemption is correct."); *In re Pless*, 202 B.R. 664, 666 (Bankr. N.D.N.Y. 1996).

The Trustee's only evidence in support of his claim of fraud was the fact that the Debtors had changed the Vehicle's title to reflect both of their names. Debtors' argue that this was done pursuant to pre-petition bankruptcy planning and was fully disclosed to the Trustee at the 341 Meeting. Thus, they claim that they have not committed any fraud.

"[I]t has recently been held that '[u]tilizing available exemptions and engaging in pre-petition planning, without more, is not indicative of actual intent to defraud creditors.'" *In re Combes*, 382 B.R. 186, 190 (Bankr. E.D.N.Y. 2008) (*quoting In re Keating*, 2006 U.S. Dist. LEXIS 70980, *12-13 (E.D.N.Y. Sept. 18, 2006). In *In re Combes*, Chief Judge Craig further noted that "[t]his is consistent with the Second Circuit's holding that an "exchange by the

4

bankrupt, on the eve of bankruptcy, of non-exempt property for exempt property" does not, by itself, warrant a finding of actual intent to hinder, delay, or defraud creditors."). 382 B.R. at 190; *see Wornick v. Gaffney*, 544 F.3d 486, 492 (2d Cir. N.Y. 2008); *In re Adlman*, 541 F.2d 999, 1004 (2d Cir. N.Y. 1976) (holding that a conversion of non-exempt property to exempt property on the "eve of bankruptcy" does not by itself constitute a fraud against a debtor's creditors "absent extrinsic evidence of fraud").

There has been no evidence presented to the Court that the Debtor-Wife did not contribute any funds towards the purchase of the Vehicle or that she does not also use the Vehicle. The lack of evidence in support of the Trustee's position, the presumption in favor of allowing exemptions, as well as the fact that the Debtors did not attempt to conceal the change in title and admitted it to the Trustee, leads this Court to conclude that the Debtors have not committed an act of fraud on the creditors or the Trustee. Thus, the Trustee is unable to overcome his burden of proof and his motion is denied.

## CONCLUSION:

Pursuant to the above findings of fact and conclusions of law, the Trustee's motion is denied.

So ordered.

**Dated: Central Islip, New York**
**May 19, 2011**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**

5